**Opinion issued August 22, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00377-CV

_____

**ANTHONY P. GRIFFIN, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ANTHONY P. GRIFFIN INC. AND AS SUCCESSOR-IN-INTEREST TO ANTHONY P. GRIFFIN PENSION AND PROFIT SHARING PLAN, Appellants**

**V.**

**GALVESTON COUNTY, CITY OF TEXAS CITY, TEXAS CITY INDEPENDENT SCHOOL DISTRICT, COLLEGE OF THE MAINLAND, CITY OF GALVESTON, GALVESTON INDEPENDENT SCHOOL DISTRICT, GALVESTON COLLEGE, AND GALVESTON COUNTY NAVIGATION DISTRICT NO. 1, Appellees**

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Case No. 17-TX-0246**

---

**MEMORANDUM OPINION**

Appellants filed a notice of appeal on May 17, 2023 from an order of summary judgment signed on April 14, 2023. Appellees filed a motion to dismiss the appeal for lack of jurisdiction. We grant the motion and dismiss the appeal.

The deadline for filing a notice of appeal is typically thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. This deadline will be extended to ninety days after the judgment is signed if the appellant timely files a motion for new trial, motion to modify the judgment, a motion to reinstate, or under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); *Zhuang v. Zhang*, No. 01-17-00518-CV, 2017 WL 5712544, at *1 (Tex. App.—Houston [1st Dist.] Nov. 28, 2017, pet. denied) (mem. op.). The appellate court lacks jurisdiction over an appeal if the notice of appeal is untimely filed. TEX. R. APP. P. 25.1; *In re United Servs. Auto Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010).

The clerk's record contains no motion for new trial or other post-judgment motion that would extend the deadline for filing the notice of appeal. Accordingly, the notice of appeal was due within 30 days after the trial court signed the April 14, 2023 order granting summary judgment. The thirtieth day after April 14, 2023 was May 15, 2023. Appellants did not file their notice of appeal until May 17, 2023. Thus, the notice of appeal was two days late.

However, courts are not to dismiss appeals for procedural defects when "any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal." *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). If an appellant, acting in good faith files a notice of appeal beyond the deadline but within the fifteen-day period in which the appellant would be entitled to move for an extension of the deadline under Rule 26.3, a motion for extension of time is implied. *See id.* at 617.

Appellants did not file a motion for extension of time, but under *Verburgt*, an extension of time is implied. Appellants must offer a reasonable explanation to support the late filing. *See Torres v. Cheniere Energy, Inc.*, No. 01-22-00659-CV, 2022 WL 17346208, at *1 (Tex. App.—Houston [1st Dist.] Dec. 1, 2022, pet. denied) (mem. op.). However, even after appellees filed a motion to dismiss, arguing that appellants had not filed a timely notice of appeal and had not provided a reasonable explanation for the untimely filing, appellants did not come forward with a reasonable explanation.

Appellants' counsel attached to the notice of appeal an affidavit attesting to the fact that she did not receive notice or actual knowledge of the signing of the judgment in time to file a timely notice of appeal. Appellee asserts that this affidavit is not sufficient because it does not comply with Rule 306a(5).

If a party adversely affected by a judgment has not received notice of the signing of the judgment or acquired actual knowledge of it within twenty days after it is signed, the deadlines shall begin on the date his counsel received notice or acquired actual knowledge, whichever is first. *See* TEX. R. CIV. P. 306a(4). This extension is not automatic. *See* TEX. R. CIV. P. 306a(5). To establish application of this extension of time, the party must prove in the trial court on sworn motion and notice the date he or his attorney first received notice or acquired actual knowledge of the signing of the judgment. *See* TEX. R. CIV. P. 306a(5).

The clerk's record contains no motion filed by appellants seeking an extension under Rule 306a(5). Appellants' counsel has not established that she followed the requirements of Rule 306a(4)-(5) and thus, her claim of late notice is insufficient to extend the deadline for filing the notice of appeal. Because appellants have not provided a reasonable explanation for the delay in filing the notice of appeal, we grant appellees' motion.

The appeal is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Landau, and Farris.

4